UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
SPIRO COLLAKU,

Plaintiff,

-against-

COLLECT DEPRAVL; FATIMA ADEKOYA; COMMUNITY OPIM INC.,

Defendants.
------------------------------------------------------------x

**ORDER**
26-CV-04465 (NRM) (LKE)

**NINA R. MORRISON**, United States District Judge.

*Pro Se* Plaintiff Spiro Collaku filed the instant employment discrimination action on July 23, 2026. Along with the complaint, Plaintiff filed an application to proceed *in forma pauperis* ("IFP"). For the reasons discussed below, Plaintiff's request to proceed IFP is denied, and Plaintiff is granted fourteen (14) days from the date of entry of this Order to submit a long-form IFP application or pay the filing fee.

**DISCUSSION**

To qualify for IFP status, the Supreme Court has long held that "an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs [inherent in litigation] and still be able to provide himself and dependents with the necessities of life." *Adkins v. E.I. Du Pont De Nemours & Co.*, 335 U.S. 331, 339 (1948) (citation modified). "The federal *in forma pauperis* statute represents a significant effort to ensure the ability of impoverished litigants to prosecute meritorious claims or defenses without disadvantage." *Rosa v. Doe*, 86 F.4th 1001, 1004 (2d Cir. 2023). "Indeed, '[t]he purpose of the statute permitting

litigants to proceed IFP is to insure that indigent persons have equal access to the judicial system.'" *Velasquez v. Comm'r of Soc. Sec.*, No. 24-CV-2035, 2024 WL 3202974, at *2 (E.D.N.Y. June 26, 2024) (citation omitted). Determining whether an applicant qualifies for IFP status is within the discretion of the district court. *See Rosa*, 86 F.4th at 1007 (explaining that IFP application denials are reviewed for abuse of discretion); *Panarello v. Suffolk Cnty.*, No. 25-CV-1243, 2025 WL 1384155, at *2 (E.D.N.Y. May 13, 2025).

Here, Plaintiff's IFP application does not provide sufficient information for the Court to reasonably conclude that he is unable to afford the filing fee for this case. Plaintiff states that he is employed and receives gross wages of $2,611.00 and take-home wages of $2,300.00 every two weeks. ECF No. 2 at 1. When directed to state the amount of money in his checking or savings accounts, Plaintiff leaves the response blank. *Id.* at 2. Further, when directed to list any automobiles, real estate, jewelry, artwork, housing and transportation costs, persons supported, or any other financial obligations, Plaintiff leaves the sections blank. *Id.*

## CONCLUSION

Plaintiff's IFP application is denied without prejudice. To proceed with this action, Plaintiff is granted fourteen (14) days from the entry of this Order to either file a Long Form IFP application that sufficiently explains his financial status or pay the $405.00 filing fee.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff, along with a Long Form IFP application.

The Court certifies that any appeal from this Order would not be in good faith and, therefore, IFP status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

*/s/ Nina R. Morrison*
NINA R. MORRISON
United States District Judge

Dated: August 12, 2026
Brooklyn, New York